UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM BORYSEWICZ & <br> STACIA BORYSEWICZ <br>     Plaintiffs <br><br> v. <br><br> NATIONWIDE CREDIT, INC. <br>     Defendant | CIVIL ACTION <br><br><br><br> JANUARY 11, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by consumers who have been harassed by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### II. PARTIES

2. Plaintiff William Borysewicz is a natural person residing in Groton, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Plaintiff Stacia Borysewicz is the wife of William Borysewicz and is a natural person residing in Groton, Connecticut and a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

4. The defendant, Nationwide Associates, Inc. ("Nationwide"), is a Georgia corporation licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

## III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

6. This Court has jurisdiction over Nationwide because it engages in debt collection within Connecticut.

7. Venue in this Court is proper, because the Plaintiffs are residents and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

8. Plaintiffs had accrued a debt on a line of credit they had opened up with American Express Company, and that debt was eventually assigned to Nationwide for collection purposes.

9. Plaintiffs subsequently retained an attorney for the purposes of filing for bankruptcy, and the aforementioned debt was to be included in their bankruptcy filing.

10. On or around the evening of July 24, 2009, Plaintiff Stacia Borysewicz took a call from a Nationwide representative named Mary Jones, and during that call, she informed Mary Jones of Plaintiffs' attorney's contact information and told her to contact their attorney with any questions regarding the debt.

11. On or around July 27, 2009, Plaintiff Stacia Borysewicz took a call from a Nationwide representative named Rachel, and during that call, she provided Rachel

with Plaintiffs' attorney's contact information and told her to contact their attorney with any questions regarding the debt.

12. On or around August 10, 2009, Plaintiff Stacia Borysewicz took a call from a Nationwide representative named Jeff Zeyak, and during that call, she provided him with Plaintiff's attorney's contact information.

## V. CLAIMS FOR RELIEF

### CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

13. Nationwide violated the FDCPA by continuing to call and speak with Plaintiff Stacia Borysewicz in an attempt to collect the debt from Plaintiffs notwithstanding Nationwide had already been provided with contact information for Plaintiffs' attorney.

14. For Nationwide's violations of the Fair Debt Collection Practices Act as described above, the Plaintiffs are entitled to recover actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, the Plaintiffs seek recovery of monetary damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

                                PLAINTIFFS, WILLIAM BORYSEWICZ &
                                STACIA BORYSEWICZ

By: _____

     Daniel S. Blinn, Fed Bar No. ct02188
     Matthew W. Graeber, Fed Bar No. ct27545
     dblinn@consumerlawgroup.com
     Consumer Law Group, LLC
     35 Cold Spring Rd., Suite 512
     Rocky Hill, CT  06067
     Tel. (860) 571-0408; Fax. (860) 571-7457